IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR CARRILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09 C 2803 |
| | ) |
| CITY OF CHICAGO, BRIAN | ) |
| SWIATKOWSKI, and LAURA KUC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Omar Carrillo has sued the City of Chicago and Chicago police officers Brian Swiatkowski and Laura Kuc for damages under 42 U.S.C. § 1983 and Illinois common law. Carrillo alleges that the officers violated his Fourth Amendment rights when they arrested him after a traffic stop. The defendants have moved to dismiss Carrillo's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion.

**Background**

The Court takes the facts as they are alleged in Carrillo's complaint.

On December 9, 2008, officers Swiatkowski and Kuc stopped Carrillo while he was driving on South Damen Avenue in Chicago. When they asked for his license, Carrillo informed the officers that he was "driving on a ticket" and presented the ticket and his state-issued identification card.

1

The officers checked Carrillo's name and found a possible arrest warrant for Omar Bucio. The officers told Carrillo about the warrant. Carrillo explained that he was not Omar Bucio and had been arrested mistakenly on a warrant for Bucio before. He handed the officers a May 2007 court order from a DuPage County circuit judge stating that he was not to be arrested on the Bucio warrant. Carrillo alleges that officer Swiatkowski took the court order away from him and ripped it apart. The officer then placed Carrillo under arrest.

Carrillo was processed into the Cook County Jail and missed work because of his detention. He was released on December 10, 2008 after posting a $500 bond. Carrillo then appeared in court in DuPage County on the warrant, and a judge entered a new order again stating that he was not to be arrested on the Bucio warrant.

In count one of his complaint, Carrillo alleges that Swiatkowski and Kuc arrested him in violation of his rights under the Fourth Amendment. In count two, Carrillo alleges that his arrest was caused by the City's policy or custom of failing to implement adequate procedures to verify the identity of persons arrested on warrants and failing to train police officers regarding making arrests based on warrants. Counts three and four are state law claims against the officers for false arrest and imprisonment and willful and wanton conduct. Count five is a *respondeat superior* claim against the City based on the officers' conduct. Count six is a claim against the City for indemnification of the officers pursuant to 745 ILCS 10/9-102.

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Carrillo has failed to allege a violation of his Fourth Amendment rights because probable cause existed as a matter of law. Defendants

Swiatkowski and Kuc argue in the alternative that they are entitled to qualified immunity from suit with regard to count one. (The City, a municipality, cannot assert a defense of qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998).) The defendants also argue that the existence of probable cause defeats each of Carrillo's state law claims.

### Discussion

When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bissessur v. Ind. Univ. Bd. of Trs.*, No. 08-3504, 2009 WL 2902076, at *2 (7th Cir. Sept. 11, 2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, [a court] give[s] 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 2009 WL 2902076, at *2 (quoting *Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).

1. **Failure to present a valid license**

Defendants contend that Carrillo suffered no violation of his Fourth Amendment

3

rights because the officers had probable cause to arrest him based on his failure to present a driver's license after they stopped him. Carrillo contends that he presented officers with a ticket showing that he had a valid license and a state-issued identification card and that this made an arrest on this basis improper.

This case involves the local practice of "driving on a ticket." When a driver is cited for a moving violation in Chicago and elsewhere in Illinois, the officer issuing the citation typically takes the driver's license as bond. The officer then gives the driver a citation which the driver uses in lieu of her license until the citation is paid or otherwise dismissed. The officer then permits the driver to drive away without her license.

Defendants contend that Illinois law requires a driver to have a valid license in her immediate possession at all times and does not provide for any exceptions. *See* 625 ILCS 5/6-122. Under *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001), an officer may make a full custodial arrest for even a minor violation of the law. The Seventh Circuit and Illinois state courts have acknowledged, however, that under Illinois law as it is routinely applied, a traffic ticket serves as a temporary replacement for a license. *See, e.g., United States v. McGuire*, 957 F.2d 310, 312 (7th Cir. 1992); *United States v. Cardona-Rivera*, 904 F.2d 1149, 1152 (7th Cir. 1990); *Golden v. City of Chicago*, No. 07 C 6928, 2009 WL 3152359, at * 1 (N.D. Ill. Sept. 28, 2009); *People v. Cannon*, 18 Ill. App. 3d 781, 784, 310 N.E.2d 673, 675 (1974). Under the circumstances as alleged, the officers lacked probable cause to arrest Carrillo for driving without a license.

In addition, the practice of driving on a ticket is one that law enforcement

4

authorities in Chicago and in other Illinois municipalities affirmatively encourage by allowing a driver who has been issued a citation to drive away even after taking the driver's license in lieu of bond. Given these circumstances, a conclusion that driving on a ticket, without more, gives rise to probable cause would mean that a police officer could permit a person to drive away after taking her license but then arrest her a few moments later for driving without a license. That result would defy logic and common sense, not to mention the well-settled principle that the authorities cannot, consistent with due process, lead a person to believe that conduct is legal and then prosecute her for it. *See, e.g., United States v. Pennsylvania Indus. Chemical Corp.*, 411 U.S. 655, 674-75 (1973); *Cox v. Louisiana*, 379 U.S. 559, 571 (1965); *Raley v. Ohio*, 360 U.S. 423, 437-39 (1959).

For these reasons, the Court cannot conclude that the fact that Carrillo was "driving on a ticket" gave the officers probable cause to arrest him. *See United States v. Bingham*, No. 03 CR 1158, 2004 WL 1336384, at *3 (N.D. Ill. June 14, 2004) (officer lacked probable cause for arrest when the sole reason for the arrest was that defendant was driving on a ticket).

Defendants Swiatkowski and Kuc also contend that they are entitled to qualified immunity for arresting Carrillo for driving without a license. A police officer is entitled to immunity from a suit for damages unless his conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). If no constitutional violation occurred or the right was not clearly established, the officer is immune. *Jacobs v. City of Chicago*,

5

215 F.3d 758, 766 (7th Cir. 2000). The Court has already concluded that Carrillo has alleged facts that, if true, amount to a violation of his Fourth Amendment rights. Thus the officers are entitled to qualified immunity only if that right was not clearly established at the time of the violation.

When a defense of qualified immunity is raised, the plaintiff bears the burden of demonstrating that a particular right is clearly established. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994). "A clearly established right is one where the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Jacobs*, 215 F.3d at 766 (internal quotation marks and citations omitted). In the absence of controlling authority on the issue, the Court must look to the relevant caselaw to determine "whether there was such a clear trend in the caselaw that we can say with fair assurance that the recognition of the right by a controlling precedent was merely a question of time." *Cleveland-Perdue v. Brautsche*, 881 F.2d 427, 437 (7th Cir. 1989).

Defendants argue that the lack of caselaw on this subject reflects that an arrest for driving on a ticket is not clearly established as an unreasonable seizure. If the constitutional violation is patently obvious, however, a lack of caselaw on a particular issue is not necessarily fatal to the plaintiff's claim. *See, e.g., Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001) ("qualified immunity is dissolved . . . when the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights."); *Eberhardt v. O'Malley*, 17 F.3d 1023, 1028 (7th Cir. 1994) (allegation that defendants punished plaintiff for writing a novel amounted to "such an elementary violation of the First Amendment that the absence of a reported

6

case with similar facts demonstrates nothing more than widespread compliance with well-recognized constitutional principles").  This case seems custom-made for that description.  No reasonable officer could conclude that it is appropriate to arrest a driver for failure to present a valid license when he presents a ticket that was issued by a police officer with the commonly held understanding, encouraged by the authorities and confirmed by the law, that he could use the ticket as a temporary license.  Under the circumstances, the officers are not entitled to qualified immunity for arresting Carrillo for driving without a license.

**2.    The Bucio warrant**

Defendants next argue that Carrillo's arrest was justified–or that they are at least entitled to qualified immunity–even though the warrant purportedly misidentified Carrillo.  They argue that they were not required to verify Carrillo's identity, even after he produced the DuPage County judge's order.

"[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment."  *Hill v. California*, 401 U.S. 797, 803 (1971).  As the defendants argue, "when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest."  *Id.* at 802 (internal quotation marks and citation omitted).  Though there is sometimes "more that an officer could have done to confirm a suspect's identity[,] [t]his will not render an arrest unconstitutional so long as the officer's actions were reasonable under the circumstances."  *Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009).

"Mistaken identity" cases involving warrants are not particularly unusual in this Circuit. For example, in *Brown v. Patterson*, 823 F.3d 167 (7th Cir. 1987), the plaintiff, Anthony Brown was arrested on a warrant for Anthony Moseley, alias Anthony Brown. The court concluded that the officer acted reasonably in arresting Brown and that it would have been "imprudent *not* to take in Brown for further questioning." *Id.* (emphasis in the original).

Though *Brown* was decided on a motion to dismiss, the record in the case made it clear that Moseley, the person named in the warrant, had used the name Anthony Brown, the same name as the arrested plaintiff, and that the police were aware of this at the time of the arrest. Given that record, it was a relatively simple matter for the court to conclude, even on a motion to dismiss, that the officers had acted reasonably in arresting Brown.

No such record exists in this case. The complaint says only that Carrillo was arrested on a warrant for Omar Bucio. The reason for this is not disclosed in the complaint–nor was Carrillo required to explain this in his complaint. It is conceivable that the warrant or other information the officers consulted indicated that Bucio had used the name Omar Carrillo. There is no way, however, to determine this from the complaint or its attachments.

On the record as it currently stands, all the Court knows is that Carrillo was arrested on a warrant naming Bucio. Under the circumstances, defendants' argument that they "were under no obligation to investigate the veracity of plaintiff's court order in the field," Defs.' Mem. at 9, is–at the present stage of the case, at least–beside the point. Indeed, in the case's current procedural posture, the issue of a purported need

to investigate does not even come into play. Rather, on the present record the case is presented as one in which Carrillo was arrested on a warrant that did not name him and did not provide any circumstances that would have so much as hinted that he could possibly have been the person named in the warrant.

In short, on the record as it now stands, the Court cannot say that the officers reasonably mistook Carrillo for Bucio or that Carrillo's arrest was reasonable under the circumstances. Based on Carrillo's complaint, which is all the Court has at this point, defendants are not entitled to a ruling that Carrillo's arrest was reasonable.

For the same reason, the officers are not entitled to qualified immunity based on the Bucio warrant. It is entirely possible that facts will emerge–perhaps on a motion for summary judgment–that will establish a qualified immunity defense, and perhaps even probable cause. But those facts are not in the record at this point. For this reason, the defendants are not entitled to dismissal of the complaint based on the Bucio warrant: one cannot argue with a straight face that arresting person A on a warrant naming person B, without more, does not violate person A's clearly established constitutional rights.

Finally, because the only basis defendants have argued for dismissal of Carrillo's state law claims is the claimed existence of probable cause, they are not entitled to dismissal of those claims at this time.

**Conclusion**

For the reasons stated, the Court denies defendants' motion to dismiss [docket no. 27]. Defendants are directed to answer the complaint by October 28, 2009. They may wish to consider an early motion for summary judgment if there is evidence

9

available (and likely to be undisputed) that would explain why the individual defendants arrested Carrillo on the Bucio warrant. Such evidence might well establish a defense of qualified immunity, and perhaps even probable cause. The case is set for a status hearing on November 4, 2009 at 9:30 a.m.

_____
                         MATTHEW F. KENNELLY

Date: October 13, 2009                       United States District Judge