FILED
MARCH 4, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR CARRILLO, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 2803 |
| ) | |
| vs. ) | Judge Kennelly |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, ) | |
| Chicago Police Officers ) | |
| BRIAN SWIATKOWSKI, Star 8784, and ) | |
| LAURA KUC, Star 9351, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Addison, Illinois.

5. Defendant-Officers SWIATKOWSKI and KUC are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

1

## Background

8. This case arises from the false arrest of Plaintiff on December 9, 2008, pursuant to an arrest warrant in the City of Chicago by the Defendant-Officers. The arrest warrant was not for Plaintiff. This was not the first time that Plaintiff was falsely arrested by City of Chicago police officers pursuant to an arrest warrant that did not apply to him. Just 17 months earlier, on April 22, 2007, Plaintiff was falsely arrested pursuant to the same arrest warrant despite his protests of innocence. Following the false arrest, Plaintiff was released from custody and the judge issued an order that Plaintiff not be arrested on the arrest warrant at issue again.

When Plaintiff was arrested by the Defendant-Officers in this case on December 9, 2008, he not only once again protested his innocence, but also showed the Defendant-Officers the court order instructing the Defendants not to arrest him. Not surprisingly, the Chicago police officers ripped up the court order and arrested Plaintiff anyway. Just as after the first false arrest, Plaintiff went to court and was ordered released. The judge issued yet another order that Plaintiff not be arrested pursuant to the warrant, apparently based on the mistaken belief that the Chicago police would follow a court order.

## Facts - Prior False Arrest and Lawsuit

9. On April 22, 2007, Plaintiff Omar Carrillo was arrested by Chicago police officer Lila Hurtado, Star 12452, on a warrant for the arrest of Omar Bucio.

10. Plaintiff's name is not Omar Bucio, nor has he ever used that name.

11. Plaintiff appeared in court in DuPage County on May 24, 2007, on Bucio's case, People v. Omar Bucio, 02 DT 3757. (Exhibit 1.) Plaintiff explained that he was not Omar Bucio. The judge issued an order stating that Plaintiff was not to be arrested on Omar Bucio's warrants again. The judge also ordered that Plaintiff receive a full refund of the money he posted for bond.

12. Plaintiff began carrying a copy of this order with him in case he was stopped or questioned about the arrest warrants for Omar Bucio again.

13. As a result of this false arrest, Plaintiff filed a civil lawsuit in the Northern District of Illinois, Carrillo v. City of Chicago, 08 C 1162. That suit was settled on July 24, 2008.

2

**Facts Related to the False Arrest in this Case**

14. On December 9, 2008, Plaintiff was driving near 6800 South Damen Avenue in Chicago.

15. Defendant-Officers SWIATKOWSKI and KUC stopped Plaintiff's vehicle.

16. There was not any legal justification to stop Plaintiff's car.

17. SWIATKOWSKI came up to Plaintiff's car and asked to see his driver's license.

18. Plaintiff was driving on a ticket and did not have his license. Plaintiff gave SWIATKOWSKI his ticket and his Illinois State identification card, a government issued photo id.

19. Upon information and belief, Defendant-Officers ran Plaintiff's name and somehow discovered the arrest warrant for Omar Bucio.

20. Defendant-Officers told Plaintiff about that warrant.

21. Plaintiff explained that he was not Omar Bucio and had been mistakenly arrested on a warrant for Omar Bucio before.

22. Plaintiff showed Defendant-Officer SWIATKOWSKI a copy of the above-described order from May 24, 2007, which explained that Plaintiff wasn't to be arrested on Omar Bucio's case.

23. SWIATKOWSKI grabbed the order from Plaintiff's hands, ripped it up and ordered Plaintiff to get out of the car.

24. The Defendant-Officers arrested Plaintiff pursuant to the arrest warrant.

25. The arrest warrant listed seven names:
    - Omar Bucio
    - Omar Bucio-Carrillo
    - Omar Bucio-Corrilo
    - Omar Busio
    - Omar Busio Carrillo
    - Omar Carrillo-Bucio
    - Ramiro Moreno

26. The warrant did not list Plaintiff's name, Omar Carrillo.

27. The name on the Illinois State Identification card which Plaintiff gave the Defendants was Omar Daniel Carrillo.

28. The warrant did not list Omar Daniel Carrillo.

29. Plaintiff was booked and processed under the name Omar Daniel Carrillo.

30. The arrest warrant also listed three different birthdates. Thus, between the 7 names and 3 birthdates, the warrant called for the arrest of 21 combinations of names and birthdates.

31. The warrant stated that the drivers license number for the wanted person was B20064076197, which was not Plaintiff's drivers license number.

32. Plaintiff's drivers license number is C64064477363.

33. The Defendant-Officers issued Plaintiff traffic tickets and put Plaintiff's correct drivers license number on the tickets, C64064477363, instead of the drivers license number for the person wanted on the warrant.

34. Plaintiff's social security number was different from the social security number on the warrant.

35. Plaintiff's height and weight were different than the height and weight on the warrant.

36. Plaintiff's address was different that the address on the warrant.

37. Plaintiff was eventually processed into the Cook County Jail.

38. Plaintiff missed work because he was in jail.

39. The traffic tickets were dismissed on December 10, 2008. However, Plaintiff had to post $500.00 to bond out of the Cook County Jail because of the warrant.

40. Plaintiff appeared in DuPage County on January 8, 2009, on Bucio's case, <u>People v. Omar Bucio</u>, 02 DT 3757. Judge Mary O'Connor issued an order stating that Plaintiff was not to be arrested again by the Chicago police on Omar Bucio's warrants. (Exhibit 2.)

41. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

42. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, lost wages and emotional distress.

4

## COUNT I
**(42 U.S.C. § 1983 – Unreasonable Seizure)**

43. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant-Officers stopped Plaintiff's car and seized Plaintiff without any legal justification in violation of Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
**(42 U.S.C. § 1983 – False Arrest/Imprisonment)**

45. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

46. Given the information that the Defendant-Officers received from Plaintiff including the court order not to arrest Plaintiff on the arrest warrant at issue, a reasonable officer would have gotten more information through further investigation and concluded that Plaintiff was probably not the person wanted on the warrant and let Plaintiff leave.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
**(42 U.S.C. § 1983 – Substantive Due Process)**

47. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

48. The Defendant-Officers were deliberately indifferent to Plaintiff's pleas of innocence and tore up the court order that Plaintiff not be arrested on the warrant that they arrested him on.

5

49. Defendant-Officers conduct was an egregious arbitrary abuse of government power that shocks the conscience.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for False Arrest/False Imprisonment)

50. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

51. Plaintiff was arrested and imprisoned by the Defendant-Officers on an arrest warrant that did not apply to him.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers SWIATKOWSKI and KUC,

b) Award compensatory and punitive damages, as determined at trial,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Willful and Wanton Conduct)

52. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

53. The Defendant-Officers had a duty to Plaintiff to reasonably investigate Plaintiff claims of mistaken identity and to confirm that Plaintiff was the person described in the warrant.

54. The Defendant-Officers breached that duty.

55. The Defendant-Officers did nothing to investigate Plaintiff's claim that he did not have a warrant.

56. The Defendant-Officers' breach exhibited a reckless disregard for Plaintiff's rights, including a failure to exercise reasonable investigation into Plaintiff's claims of mistaken identity.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers SWIATKOWSKI and KUC,

b) Award compensatory and punitive damages, as determined at trial,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

57. The acts of Defendant-Officers SWIATKOWSKI and KUC described in the supplementary state law claims above were willful and wanton, and committed in the scope of employment.

58. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

59. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

60. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

# EXHIBIT 1

ORDER                                                                                                                          1040 (REV 07/06)

STATE OF ILLINOIS          UNITED STATES OF AMERICA          COUNTY OF DU PAGE
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

People

vs

Omar Budo

CASE NUMBER: 02 DT 3757

FILED 07 MAY 24 AM 10:01
Chris Kachiroubas
CLERK OF THE 18TH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS

File Stamp Here

### ORDER

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS HEREBY ORDERED:**

1) That Omar Daniel Carrillo, of 125 Bernice Dr. #2A Bensenville, IL, w/a date of birth of 12-22-77, Illinois DL # C640-6447-7363, is not to be arrested on this case # again.

2) That Omar Daniel Carrillo receive a full bond refund, as he is not the defendant in this case instanter.

**CERTIFICATION**

I, Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court Clerk, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

DATE 5/24/07

CHRIS KACHIROUBAS, CLERK
By: _____ Deputy Clerk

Name: _____
DuPage Attorney Number: _____
Attorney for: _____
Address: _____
City/State/Zip: _____
Telephone Number: _____

JUDGE
Date: 5/24/07

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

# EXHIBIT 2

CRIMINAL ORDER                                                                                          2002DT003757-2692

**STATE OF ILLINOIS**     UNITED STATES OF AMERICA     **COUNTY OF DU PAGE**
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

2002DT003757

VS

CASE NUMBER

OMAR BUCIO

File Stamp Here

### ORDER

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED**, based on the     COURT'S     motion:

THE CHICAGO POLICE DEPARTMENT HAVING ARRESTED OMAR DANIEL CARRILLO ON DECEMBER 9, 2008, ON A WARRANT OUTSTANDING FOR THE DEFENDANT ON THIS CASE, DESPITE THIS COURT'S ORDER OF 5-24-07 THAT OMAR DANIEL CARRILLO IS NOT THE DEFENDANT AND SHOULD NOT BE ARRESTED ON THIS CASE AGAIN, IT IS ORDERED THAT:

1. NEITHER THE CHICAGO POLICE DEPARTMENT, NOR ANY OTHER POLICE DEPARTMENT, SHALL ARREST OMAR DANIEL CARRILLO, DATE OF BIRTH DEC. 22, 1977, ILLINOIS DL C640-6447-7363, ILLINOIS ID 6406-4477-363C, OF 543 W. NATALIE LANE, ADDISON, IL 60101, ON A WARRANT OUTSTANDING FOR THE DEFENDANT ON THIS CASE, BECAUSE HE IS NOT THE DEFENDANT, OMAR BUCIO.

2. THE $500 BOND POSTED BY OMAR DANIEL CARRILLO ON DECEMBER 10, 2008 SHALL BE REFUNDED IN FULL TO OMAR DANIEL CARRILLO, 543 W. NATALIE LANE, ADDISON, IL.

Name: SHANTI KULKARNI
DuPage Attorney Number: 50072
Attorney for: PEOPLE OF THE STATE OF ILLINOIS
Address: _____
City/State/Zip: _____
Telephone Number: _____

*Mary E O'Connor* (copy)
JUDGE MARY E OCONNOR
JUDGE
Date: 01/08/2009

COPY     CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©     Page : 1 of 1
WHEATON, ILLINOIS 60189-0707